"MOORISH AMERICAN NATIONAL"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUDGE BARRETT

MAGISTRATE JUDGE BOWMAN

J'HonAli One Eye El-Bey, et al,
And those similarly situated

V

Butler County, et al,

Case No 1:23CV285

42 USC §§ 1981~1983
(COMPLAINT NO. 1)
("MAIL OBSTRUCTION")

Plaintiff IN PRO PER is, in fact, the plaintiff of the following civil suits i.e. (for the redressing of Rights): 1:21-CV-389 ~ 1:21-CV-574 (DOC# ___ ) ~ 1:21-CV-590 ~ 1:21-CV-678 (DOC#20) ~ 1:21-CV-679 ~ 1:21-CV-680 ~ 1:22-CV-136 (TRANSFERED TO THE EASTERN DISTRICT OF KENTUCKY);

To the best of my knowledge and belief plaintiff has not exceeded the District courts three strike rule and therefore brings forth this matter with the reasonable and articulated suspicion of violation(s) of and to his Rights(s) as ("captioned") in this complaint No.1 and Complaint No.2; not limited to whatsoever else the court can construe herein being written ~ mentioned and ~ described by the pro se Litigate.

Furthermore, pertaining to the matter of the B.C.J. obstructing the pro se litigates mail and/or legal mail the last known occurrence is docketed and described herein as being done on or about SEPT 15, 2022 and the first on or about from Feb 17, 2022 upon plaintiffs return from an involuntary commitment; therefore the plaintiff believes that this matter is within any such statute of limitation(s).

Now therefore this complaint No.1 being lodged against the defendant(s), et al, is with reason to believe that officials of the B.C.J. did and were regularly interfering with plaintiffs incoming and legal mail for the following OCCURRENCES: Reasons see: ① 1:21-CV-574 (DOC#35) ~② 1:21-CV-590 (DOC#20) ~③④⑤ 1:21-CV-678 (DOC#16~19~48)

Whereas in ⑤ 1:21-CV-679 July 20, 2022 at 2 the court ruled that an isolated incident of inadverbance

## DEFENDANTS

① BUTLER COUNTY, et al, 705 HANOVER STREET, HAMILTON OHIO 45011
② RICHARD JONES (WARDEN) Address Above
③ CARPENTER, 2675 (COMPLAINT 2 page 3-8) Adress Above
④ US MARSHAL SERVICE 5 USC 702 ~ 28 USC 1331 United States Courthouse 333 CONSTITUTION AVE. Washington DC 20001
⑤ UNITED STATES OF AMERICA 28 USC 1346 ~ 28 USC 1402

## ALL KNOWN INTERFERENCES

1:21-CV-574 (DOC#35) ~ 1:21-CV-590 (DOC#20) ~ 1:21-CV-678 (DOC#16~19~48)~ 1:21-CV-679 (DOC#?) ~ 1:21-CV-680 (DOC#17~25) subsequently all of these cases simingly have been related in a since. Also see 1:22-00136 docket and EASTERN DISTRICT OF KENTUCKY 5:22-CV-00067(DOC#11~12)

All correspondences sent to plaintiff in case no. 1:21-CV-389 from the time of the alleged interfearances were delivered to plaintiff in this case.

And All installment fees were indeed being deducted from the B.C.J. Resident Account during the alleged months whereas plaintiffs legal mail was returned as undeliverable and/or as if he was released.

was insufficient to state a claim that rises to the level of constitutional magnitude see (DOC#9 at pagid 62) ~ also see ⑥-⑰ 1:21-cv-680 (DOC# 17~25), not limited to.

Since then the pro se litigate has gathered the information and consolidated all known interferences, wherefore herenow bringsforth with the probable cause to the said (7) violation(s), not limited to any other violations or liberally construed violations being presented to this court.

It is well-known that this court has the authority to self-indulge into other courts ~ and public records. GRANADER V Public BANK, 417 F2d 75, 82 83 (6th Cir. 1969)

It is well-known that plaintiff herein has suffered and been subjected to more than (1) transfer to and fro involuntarily.

It is also well-known that plaintiff vehemently rebukes the prejudical committed name which is against his freedoms of speech ~ press and most importantly of his ISLAMIC Religion i.e. (MOORISH SCIENCE); MOORISH SCIENCE TEMPLE OF AMERICA, INC V BENSON, 86 F.3d 1159, no. 95-2549 'NAME CHANGE POLICY' (8th Cir. 1996)("Forbiding its members from obtaining a legal Name Change before using the EL-Bey-Ali") Reference: 1933-LEGISLATIVE JOURNAL-HOUSE-PAGE 5759 RESOLUTION No. 75; BROWN EL V HARRIS, 26 F 3d 68, 69-70 (8th Cir. 1994)("Policy restricts free excercise if it coerces into violating Religious belief"); [42 USC §2000bb-4 ~ 2000cc 5 RLU]

PRIOR to the transfer from B.C.J, plaintiff recieved mail under his Religious name so therefore such name was well-known to the B.C.J authorized mail official(s). EL V BARLOW, 412 F 3d 693, 701-02 (6th Cir. 2005) each "transfer caused irreptable harm".

*FEB 17,2022  following plaintiffs'* Return from the B.O.P. to the B.C.J. such mail was returned to senders upto SEPT 17, 2022, and during such time plaintiff had no knowledge but-for them being returned as undeliverable and/or marked as plaintiff being released from custody, as the courts noted, thus the plaintiff recieved zero noti-
*1:21-cv-574  fications ~ missed objection deadlines ~'* possibilities of amending complaints'~
1:21-cv-678(Doc#20)'* protest the patent violation(s) of and to his substantive Right'~ not

2 of 12

\* 1:21-CR-110

[Gump, Deal, Hirst]

\* Violations

Limited to also leading plaintiff to believe that (former) Counsel of the \* criminal case for which plaintiff is being detained was not sending~ or corresponding with him in accordance to the sixth amendment duties~rights~loyalty suspected. (Former) Counsel being relieved of his duty on 03/21/23 but before being relieved on the record stating that he (Christopher Deal) believed that plaintiff was rejecting his correspondences; but as demonstrated herein as plaintiff in pro per who possessed no knowledge of ANY mail and/or LEGAL MAIL which was or may have been delivered between the months of FEB and through SEPT of 2022 but returned as undeliverable and/or with false assertions as plaintiff being released contrary to truth backed by B.C.J. Roster~ was more than an isolated incident~inadvertance~ and is sufficient enough to state a claim which rises to the level of constitutional magnitude; not limited to 28 C.F.R. §540.18; and International mail manual; Entitling him to relief. Be it known it appears that all correspondences to plaintiff in the matter of 1:21-CV-389 as well as lower courts infact were being delivered during the months wherefor the foregoing were naught.

Respectfully,

By: Bey, J'Honali-El; Pro Per
V.C. J'Honali El (Edward Watson)-Bey ex rel 199240
BUTLER COUNTY JAIL ~ PRO SE
705 HANOVER STREET
HAMILTON, OHIO 45011-1865

Executed this 27th day of April 2023.

NOTING: ALL CORRESPONDENCES SEEM TO HAVE BEEN AFFIXED WITH THE INMATE JACKET NO. 199240 (AS shown on pg 8)

MOORISH AMERICAN NATIONAL

UNITED STATES DISTRICT COURT
Southern District of OHIO
WESTERN DIVISION

J'Honati One Eye EL-Bey                                    Case No.

v

BUTLER COUNTY, et al,                              (COMPLAINT NO. 2)
                                                   ("FOURTEENTH AMENDMENT")

*U.S. MARSHAL SERVICE
5 USC 702
28 USC 1331

*(1:22-CV-136MWM)

*Date of Admittance

*U.S.A. 28 USC 1346
28 USC 1402

I am J'Honati One Eye El-Bey in accordance with self identification and religious convictions being held as V.C. JTON EDWARD WATSON ex rel a *federal pretrial detainee! I have been detained since Aug 20, 2021 in the Clinton County Detention Center where all misdemeanor allegations were dismissed and then on Oct 5, 2021 upon fed complaint I was transferred from CCDC to the Butler County Jail on Oct 5, 2021 until *01/05/22 whereas I was subjected to involuntary commitment unto the Bureau of Prison. On '02/17/22' I was then *returned to the B.C.J. where I have been held since then. (V.C. *Certificate of LIVE BIRTH' No. 13482109192; Depriving the UNIVERSAL Right to Use-Adopt Name)

I had not recieved any DISCIPLINARY NOTICE prior to the matter at issue here in the B.C.J.; I was also a porter for many months and in (2) diffrent pods both F-pod and B-pod. Over all my interactions with others and the staff of the B.C.J. have been manageable, but for April 24, 2023 is diffrent and I believe that this matter is in violation of my FOURTEENTH AMENDMENT with Failures To supervise Attachments.

On 04/24/2023 at or during breakfast I (as it is easier) took along my personal bowls to transfer food from the facility trays (which sometimes appear to be dirty) to my personal bowl(s). I done this and took the tray to the trash can dumped the remaining food then took the tray to the tray facility transfering box where to be stacked in place before returning them to the kitchen. The porter informed me that a tray on top of the box which he forgot about was also available. As I attempted to eccept that tray

3 of 12

C.O. CARPENTER 2675 who ① recently became Authorized (believed to be under probationary ②) had engaged in quite a few yelling matches exchanging disrespectful words with others ③ and is known to abuse his Authority. e.g.(On B·pod top range recreation he approached cell 13 on bottom range who stood in his locked cell door window as he attempted to obtain hot water and CARPENTER told him to step back from the window as to say one locked in his cell is not allowed to look out of it or even ask (a porter) for hot water. He orders for none to speak to the other who is locked in and not on rec; this is diffrent from all other C.O.s whos normal rule is to not open A FOOD PORT unless you are a porter)

Matter of fact Carpenter engaged in a yelling match with many other ignorant individuals on B-pod the night before and such cospired for over an hour after 10:00 p.m. lockdown (usually 10:30 but for a juvenile being housed in B-Pod time is cut short)

However, Carpenter stated "You already have your tray thats enough" I then turned around walked to my bowls on the second row next to the stair case and went up the steps to the assigned cell on the immediate left at the top of the steps and stood with my back to the door (the door closed as I reached the last step); At this point the door could have been opened I could have entered and if it seemed appropriate Carpenter could have written A DISCIPLINARY NOTICE for whatever the purpose but I did not do anything with intent to undermind.

As I stood He asked "Wheres your cell" and I replied as I pointed at the door "Right here"

He then asked "what cell are you in?" I replied "Im standing at the cell IM IN" and pointed again.(its normal for one to stand at their assigned cell if they are late for whatever reason in reaching it I belief this is to show the effort and is not a direct disrespect towards the officer)

CARPENTER then yells "you want to be a smart ass" exits the co desk and begins to come toward the steps, He then says put that food down.

4 of 12

\*ASSAULT

I asked him why he said as he continued up the steps "Your a smart ass" I was still at the door. He said "bring me that food." I took the 2-3 steps to the steps as I reached the top of the steps CARPENTER① smacked my hands holding the bowl(s) and the lid with cake flew over the rail②\* smacked again and the bowl went flying over the rail③ smacked at me again and I flinched because I thought he was going to actually hit me. (these were seemingly back to back motions) there was food on the steps and food landed on another as he walked under the steps (ANDSON) [witnesses: Anderson~ Brooks~ Cell 14 ~ Cell 13 ~ Cell 21]

    I said nothing, I didn't make any aggressive movements, everything I had in my hands was now out and I just looked at this guy who was 3 steps down from the top of the steps where I stood and he was silent for a while then he said "put your hands on the wall".

    I stepped back to my assigned cell put my hands on the wall~ He didn't touch me, then said "now put your hands behind your back" I put my hands behind my back. (I had a feeling that he enjoyed just watching this simply because he said for it to be done) Usually when told to do this an officer places himself in a certain position and or begins a pat-down, if I had said or done anything aggressively most certainly for safety purposes this would have been done. He then cuffed me in a twisted wrist type way and extremely tight. I was told to go down stairs I began expecting him to grabb my harm for safety purposes. (he did not he just followed me

\*lodging MAJOR~ serious charges with no opposition to truth or after the fact which had NOT been raised at the time, in effort to justify his actions

and said \* 'your going down' or something to that effect) I believe if there were noone on the pod at that time he probably would have pushed me so braced myself just-in-case and was relieved as I touched the bottom step. The officers actions were witnessed by numerous others.

    Minutes later (2) Sargents or supervisors came. THURKIHL and another.

(both of the supervisors reputations amongst those being held is that they simply do not care~consider the facts circumstances or even the truth of the matter. e.g. THURKILL carries a reputation of a careless of a detainees right~privilege~etc. no reasonableness. The other I was a porter the dinner bags were delivered but a kitchen worker had cut themself not knowing and blood was on the bags and cooler. The kitchen came for the dinner bags and returned them by replacing the bags up top and returning the others, we as porters complaint because blood remained in the cooler which the bags are transported in. The other sgt came and said to us seriously "whats wrong with a little blood" dont eat it (refering to the dinner bags) "dont call me no more for something so stupid") They simply do not care.

These supervisors asked CARPENTER what happened and although I could not hear it all I heard him tell them that he snatched or smacked my food from my hands. (This is believed to be against any policy of the B.C.J.) Either did he or could he give any reasonable purpose for his actions. It is at this point that these supervisors should have but failed to supervise, because this officers own words presented a use of force without cause. ─────────── The Supervisors pointed and had me taken to cell (4) in entry. When placed in cell 4 the escorting officers removed the cuffs, (acknowledge they were a bit extreme then politely offered me a breakfast tray, I declined)

Later taken to F-pod Isolation soon after Carpenter arrived to serve the Notice attached hereto. I begun to read the Notice because this is my first. Carpenter said for me to sign it; I told him I wanted to read it first as I scensed his growing frustration I wrote a line and wrote Autograph on the signature section he said "thats good enough".

He then went to the officers assigned to F-pod and said look at that "he refused to sign". but upon the face of the Notice I, infact, circled yes to request an official hearing be held in regard to the charges imposed. I did not circle I waive my right. and upon the line although I was unable to read the Inmate Discipline and Disciplinary Hearing sections prior to being forced to mark the signature section. After returning to cell 38 and after reading I notice that it is below the signature it reads ("Refusing to sign for reciept of this disciplinary notice will be considered a waiver of the due process hearing")

Given the circumstances I believe such to be against the due process. Especially since one being held can not fail to appear to the hearing* or any hearing. Such rule deriving from a statute relating to minor misdemeanor offenses is in place to ensure indivisuals appearance, and thus being held or coerced to sign henders ability to object to charges prior to the entering of a restriction when no definite disposition is within the 4 corners.

Whereas if such is averred to have been waived the Accussed did none of the such with intent to relinguish any of my rights, and therefore this complaint must be heard and properly adjudicated.

I solemnly-sincerely- and truelly affirm that the foregoing is true and correct. Respectfully.

\* on his own accord

§1746

\* Plaintiff request for defendant(s) to Attach USE OF FORCE policy in Answer or Motion.

By: Bey, J'tonali-El, Pro Per
V.C. J'tonali El (Edward Watson) Bey ex rel 199240
B.C.J. Pro Se
705 Hanover Street
Hamilton, Ohio 45011

Executed this 25th day of April 2023 A.D.

# RELIEF

1) Carpenter 2675 should be terminated from B.C.J, et al, employment
2) THURKILL and the other supervisor recieve training IN SUPERVISORY SKILLS relating to officers as well as interaction with pre trial detainees as well as: ① impartiality ② facts and circumstances ③ Administrative Rules be made Available to the detainee(s).
3) Butler County Jail be ordered to record live footage and store for atleast 14 days. e.g. (an incident occurring on the 1st day of the month even if not reported would be assessible up to the 15th day of the month)
4) plaintiff ordered to be *Release from B.C.J. pending disposition~ pre trial(s)* (or transfered) to divert any adverse actions. §3161 (gps) if neccessary
5) $300,000 in monetary relief. Three Hundred ——— thousand dollars.
6) B.C.J. DISCIPLINARY NOTICES should be amended to include the disposition(s): ① No Contest ~ Guilty~not Guilty~etc 2) Length of restriction by waiving (intentionally) the hearing 3) Length of possible restriction if found guilty.

*stipulation

7) Removing the "refusal to sign" for reciept of the DISCIPLINARY NOTICE but-for a refusal to sign is not equivalent to an intentional relinquishment of a Right (against arrest) especially while already being detained and there is no chance in the accused failing to appear unless jail officials refuse to have and hold such hearing.
8) Those in isolation be able to purchase hygen products ~ envelopes and writing materials or request Indigent Kits; semi-weekly;
9) WARDEN BURGERS be reserved for habitual and/or the worst infractions infact.
10) RE-OPENING OF ANY SUIT DISMISSED without proper service~ notification~ and/or any failure to respond etc. stipulation placed or held upon the plaintiff herein, and wheresoever found or located. 5:22-cv-00067 (E.K.Y.)

Bey, J'Honah-El Pro Per
V.C. J'Honah El (Edward Watson) Bey; 22020335

# Butler County Sheriff's Office Corrections Division — Disciplinary Notice (D.N.)

**Facility:** Main Jail  **Housing assignment:** F Pod-38  **Date/Time:** 04/25/23 06:30

**Inmate Name:** ™ WATSON, JTTON EDWARD ᴱ contra Award 1  **Inmate Jacket #:** 199240

**List the number of the rule that was violated**

**MINOR / MAJOR / SERIOUS:**

B07 Disrupt Church/Medical/Food/Any Other Service - B07 - Major
C09 Assault - C09 - Serious
C18 No Armband - C18 - Serious
B24 Disobeying a direct order - B24 - Major

**Issuing Staff:** 2675 - Carpenter  *Public Record Request for 2675 filed D.N. including All Informal Complaints/Inmate Request and Grievances filed against him should be Attached to Defendants Answer or Motion*

**Inmate discipline**
Written prisoner rules shall specify prohibited acts or conduct, degrees of violations, ranges of penalties and disciplinary hearing procedures. There shall be a sanctioning schedule for rule violations. The jail administrator or designee shall approve any penalty exceeding suspension of rights or disciplinary isolation for more than 120 hours. The maximum sanction for rule violations shall be no more than sixty days for violations arising out of one incident. Continuous confinement for more than thirty days requires the review and approval of the jail administrator or designee. If prisoner access to clothing, bed, bedding, toilet, lavatory and shower are suspended, there shall be a daily review for re-instatement by the jail administrator or designee. Prisoner rules shall specify the fundamental rights that cannot be suspended except in an emergency or other condition beyond the control of the jail administrator. The assessment of penalties against a prisoner shall be documented. Jail disciplinary measures shall not include corporal punishment, discipline administered by prisoners and withholding meals.

**Disciplinary hearing.**
Each full service jail shall have a written policy that specifies when and the circumstances under which a disciplinary hearing is conducted. Pre-disciplinary hearing requirements shall include, at minimum: Requirement for a written incident report; A prisoner's opportunity to waive in writing the disciplinary hearing; An investigation that commences within twenty-four hours of the incident to determine whether sufficient evidence exists to support the charge; Written notification to the prisoner of the nature and date of the violation within twenty-four hours of the alleged violation(s) or discovery of the alleged violation(s); Selection by the jail administrator or designee of a staff person to assist a prisoner when the prisoner is unable to effectively communicate; A minimum period of twenty-four hours after receiving written notification of the rule violation(s) to prepare for the disciplinary hearing. The prisoner may waive the twenty-four hour period. The prisoner is given a hearing within forty-eighty hours excluding holidays, weekends, and emergencies after receiving the written notification if placed in isolation or within three business days if the prisoner is not placed in isolation. Postponement of the hearing may be granted. Disciplinary hearing requirements shall include; An impartial hearing officer appointed by the jail administrator or designee; The prisoner's opportunity to be heard, present evidence and question witnesses subject to limitations imposed by the hearing officer. The hearing officer shall state the reasons for any limitations in writing; A written statement by the hearing officer of the facts relied upon and reasons for the disciplinary action shall be provided to the prisoner and a copy placed in the prisoner's file; Jail prisoners shall be afforded an opportunity to appeal disciplinary actions to the jail administrator or designee.

**Minor Violations** – may be penalized by receiving a verbal warning or a written reprimand and/or restriction of privileges, such as commissary and entertainment for a period not to exceed ten (10) days.

**Major Violations** - may be penalized by restriction or suspension of privileges and qualified rights, for a period of ten (10) to thirty (30) days. Such penalty may include disciplinary isolation (lock down).

**Serious Violations** - may be penalized by restriction or suspension of privileges and qualified rights, for a period of thirty (30) to sixty (60) days. Such penalty may include disciplinary isolation (lock down).

**Yes** — I request that an official hearing be held in regards to the charges imposed against me. I have read the above and understand the process to which I am entitled.

**No** — I waive my rights to an official hearing.

**Inmate Signature:** _____
Refusing to sign for receipt of this disciplinary notice will be considered a waiver of the due process hearing.

**Disposition:** _ Guilty  _ Not Guilty  _ Commissary  _ Visitation  _ Isolation

**Length of restriction:** _____

**Disposition / Restriction Comments:**

**Hearing Officer / Supervisor:** _____

**Hearing Officer / Supervisor Signature:** _____

8 of 12

J'Honvti One Eye El-Bey            Case no.

V

Butler County, et al,        OPPOSSITION TO THE HEARING OFFICERS OPINION(S) AND RECCOMENDATIONS

Now I the plaintiff in proper being held in excommunicado and being improperly accussed of: B07-MAJOR ~ C09-SERIOUS ~ C18-SERIOUS ~ B24-MAJOR by CARPENTER 2675 on or about 04/25/23.

According to the DISCIPLINARY NOTICE a disciplinary hearing was held on 04/26/23 by SGT. HOFFMAN.

**C18**    First, SGT discussed of the C18 but-for① such had not been enforced because the armband still remained in packup; The charging officer in written statement says to notice this during or after coffing the accussed. Thus did not contribute to action taken —— by Carpenter, only written as an adverse action.

**B07**    Second, we discussed the food in the bowl. I enformed SGT that I and many others were permitted on this day to do such. SGT pointed to the WARDENS TOP 25 RULE No.19 "Do not keep any food items from the food tray."

**B24**    My objection is that such RULE No.19① I was not charged with and② only came about as an adverse action being③ selectively enforced but-for the officers Abuse of authority partaining to the accused response and pointing to the cell.

Third, We agreed that the incident should have ended when I stood at the cell. SGT emphasizes that purhaps I should have responded with the cell number instead of standing in front the cell~pointing to the cell~ and replying "this is my cell im standing in front of." SGT. emphasized that purhaps a glare from the lights disrupt officers view or an officer may not be able to see.

9 of 12

My objection(s) was that ① CARPENTER did not ask "What cell number are you in?" ② Carpenter wears glasses and wore them on this day. ③ Both the cells prior to and after which, the disputed cell, were available for inferences. ④ No harm or foul would have been done if the incorrect cell door would have been briefly opened.

I asserted that I ① said nothing disrespectful ② made no gestures and that I believed that CARPENTER abused his authority. ③ I recieved and enformed SGT that I intended to file grievance relating to CARPENTERS responses~acts~ actions~etc. ④ And that I done nothing with any intent to disrespect Carpenter.

**C09**
*After his use of unauthorized force

Fourth, SGT stated that CARPENTER's written statement alleges CARPENTER was 1st "assaulted with food". ① I explained that Carpenter smacked my arm(s) and hand(s) while smacking at the bowl and lid with food in and on them. ② I explained that the bowl, lid and food flew everywhere and down onto others. ③ I explained that I believed I was going to be hit if everything I held was not out of my hands following the officers swatting in unprovoked anger. ④ Most importantly that I did not hit i.e. (Assault) CARPENTER verbally or physically. ⑤ Also requesting possible witnesses to be questioned.

SGT. agreed that all of these charges were serious and therefore postponed the disposition following questioning of the witnesses. SGT. ① took note that I had been at BCJ for over five hundred thirty days without any write ups. ② That I had been a porter for months in more than 1 pod. ③ SGT enformed me that such questioning of witnesses is a waiver of the 48 hour rule and I excepted but for the facts and totality of the circumstances to be considered by an impartial and unbiased officer. ④ Also taking note that

§1746  Carpenter had charged numerous others with Assault. By Bey, J4tonati-El, Pro Per

Respectfully                                                   v.c. J4tonati-El (Edward Watson) Bey ex rel 199240

Executed this 26th day of April 2023.

                                                                                    10 of 12

SGT. HOFFMAN as the disciplinary hearing officer also let it be known that the GRIEVANCE and such was still in effect as grievances include: ①Informal Complaint ~ ②Inmate Request form, and/or ③Disciplinary Hearings;

Whereas, this matter involves an officer of the B.C.J.; abusing his authority vested unto him by amongst other things ~ creating a hostile environment ~ using physical force ~ assaulting the *pro se ~ following the B.C.J. findings partaining to to Grievance filed; The pro se believes that such must be considered as proper for the District Courts Jurisdiction. Wherefore such Grievance shall be attached hereto. EXHIBIT: GRIEVANCE pg 12; (if returned within the following 14 days from the date of placement into the designated institutional mail box; if not attached such was not returned to me)

* pre trial detainee

Respectfully

Executed this 27th day of April 2023.

By: Bey, J Honali-El; Pro Per
V.C. J Honali El (Edward Watson) Bey ex rel. 199240
B.C.J. ~ Pro Se ~ Pro Per
705 HANOVER STREET
HAMILTON, OHIO 45011-1865

## QUESTIONING

1) Was any Direct Order only given in an adverse action, or reasonable.
2) Did CARPENTER exceed his permissibility by ①Refusing to accept satisfactory proof ②failing to attempt to open the cell door ③leaving his post, crossing the pod, going up the steps ④Smacking the detainee(s) arm(s), hand(s) for whatever purpose in lack thereof physical threat to him or others.
3) Was this officers acts ~ actions against proceedure ~ policy ~ etc.
4) Was the detainees transfer to isolation necessary absent 2675's 1st* purpetuated assault accussation, and the dismissed charges?

* 2675 charged atleast 4) detainees under C09 from 04/27/23 - 04/26/23

J'ttonali; One Eye El-Bey  :  Case No.

V

BUTLER COUNTY, et al,  :  OBJECTION(s) TO THE FINAL DISPOSITION to the DISCIPLINARY NOTICE

Be advised that on 04/27/23 after recieving the grievance form I solemnly ~ sincerely and truelly affirm to sending said grievance deriving pertaining and related to ("XIV Amend violations") placing it in the designated *'F-pod' blue box as advised.

*Isolation

OBJECTIONS. On 04/27/23 SGT HOFFMAN the disciplinary Hearing officer returned to F-pod to finalize his opinion and recommendation disposition following his questioning of the witnesses as beforesaid.

His opinion was that following his investigation he believed that the ASSAULT accussation was unfounded (as it was) and even if CARPENTER was subsequently touched by food such was not done by me or with any malicious Intent. Therefore this accussation was dismissed.

However, SGT. HOFFMAN recommended that I be found guilty of the armbound infraction (C18) and Disobeying of a direct order B24 [contra pg9 C18]

His final disposition was that of TIME SERVED from 04/25/23 to 04/27/23 authorizing my immediate release from the ISOLATION STATUS. [ISOLATION consist of: 23 hr lockdown ~ Loss of television ~ phone privileges ~ commissary ~ communication to and with others ~ 7 day WARden Burger 3 times a day (all food made into a patty and served the accussed was not subjected to this punishment) ~ loss of visitation ~ also during isolation the isolated are not afforded the ability to order Hygen products or indigent kits.]

11 of 12

# Butler County Sheriff's Office - Corrections Division
## Inmate Grievance

EXHIBIT: GRIEVANCE pg.12

B-Pod 12

**DO NOT SEPARATE COPIES**

| Inmate Name: JHon Watson | Date of Request: | Office Use Only |
|---|---|---|
| Inmate Number: 199340 | Cell/Dorm: F38 | 4.26.23 |

**LIMIT OF ONE (1), GRIEVANCE PER FORM**

| Confidential Matter Refer To: | Deputy Warden | Warden |
|---|---|---|
| Other *(Describe)*: | | |

*Warning* Making False Allegations against a Staff Member is a Major Rules Violation and potentially a violation of Ohio Revised Code – Section 2921.15. Inmates making false claims against staff members can expect to face disciplinary and potential criminal charges.

Grievance: A specific, formal notice of an unresolved complaint after all other informal requests to officers and staff have failed to reach a suitable answer or resolution. Informal request include: verbal request to officers and/or staff, Inmate Service Request forms, and/or disciplinary hearings. Complaints not meeting the above definition will be returned unanswered and should be placed on an Inmate Service Request form.

**Please Give a Brief Description or Reason for Your Inmate Grievance Request Below:**

Carpenter 2675 smacked food out my hands as I hold it. The food landed on other inmates who were walking under the stairs as this occurred at the top of the stair case. He swung two to three times as a lid was in my hand and bowl layed across my left arm. It seemed to me he was going to hit me. I done nothing to him nothing verbally disrespectfully or even body language wise I just looked at him in disbelief. He then told me put my hands on the wall I walked to the wall and done so. He didn't touch me then he said put my hands behind my back, I do so then he cuffed me in a twisted manner and extremely tight.* in my face which made me flinch.

* * **STAFF ONLY - DO NOT WRITE BELOW THIS LINE – STAFF ONLY** * *

| Officer or Staff Handling Request: Sgt Thurkill/CO | Date Request Handled |
|---|---|

**Description of Action Taken:**

After investigation, the officer was confiscating food from a tray you were trying to take back to the cell after meal time. You resisted the officer trying to take the food. Your actions resulted in the spill. You then took a bite of bread and then threw the remains in the officers face. This action of yours resulted in you being hand cuffed and removed from the pod.

☐ Resolution in favor of inmate/detainee   ☒ Not in favor of inmate/detainee

| Officer or Staff Signature: Sgt. Thurkill #1811 | Officer or Staff Signature: SE #1811 |
|---|---|

AT This time the Hearing Officer is believed to be questioning the witnesses, perhaps premature to turn in, but I have written a 6 page complaint w 2 page disposition transcript related to these occurrences

→ Available for copy to be made

MOORISH AMERICAN NATIONAL

J'Honali One Eye El-Bey, et al, ) CASE NO.
)
V )
)
Butler County, et al, ) ATTACHMENT TO COMPLAINT(S)
) pages 3-12
)

    I the plaintiff, in pro per, who reasonably believes that on or about March 24, 2023 see (Complaint No. 2) was physically assaulted and subjected to violations of and to my XIV AMENDMENT garunteed right.

    Following my return from the isolation unit see: (page 11 of 12) whereas, a grievance was filed by me prior to and was said to be still active but not yet dispositioned this day.

    On May 4, 2023 at 7:00 p.m. shift change CARPENTER 2675 was assigned to B-Pod whereas this incident occurred and whereas many others housed herein also have grieved partaining to the treatment inflicted upon me and themselves.

    Given the facts and circumstances I most certainly did and do not feel secure. Even though on this day the range that I am assigned did not have dayroom privilege, knowing that Carpenter is not against creating exigent circumstances came 4 A.M. medicine call and therefore I came to believe that it was in my best interest to not leave the cell or take them (i.e. An allergy pill) but for the possibility of him alleging that I did not take or swallow the pill.

    I solemnly~ sincerely and~ truelly affirm that the foregoing is true and correct.

81746

Executed this 5th day of April 2023.

Bey, J'Honali-El; pro per
V.C. J'Honali El (Edward Watson)-Bey ex rel

★

## AUTHENTICATION

**Name:** ™ WATSON JTTON EDWARD ©

| | |
|---|---:|
| February Final Monthly Balance | $2.15 |
| March Final Monthly Balance | $1.51 |
| April Final Monthly Balance | $0.18 |
| May Final Monthly Balance | $1.85 |
| June Final Monthly Balance | $41.21 |
| July Final Monthly Balance | $0.00 |
| August Final Monthly Balance | $0.00 |
| September Final Monthly Balance | $65.14 |
| October Final Monthly Balance | $0.46 |
| November Final Monthly Bal | $0.21 |
| December Final Monthly Balance | $9.21 |
| January Final Monthly Balance | $91.73 |
| February Final Monthly Balance | $1.17 |

™ WATSON JTTON EDWARD ©

| | |
|---|---:|
| February Monthly Deposit | $115.00 |
| March Monthly Deposit | $115.00 |
| April Monthly Deposit | $193.00 |
| May Monthly Deposit | $96.00 |
| June Monthly Deposit | $244.00 |
| July Monthly Deposit | $50.00 |
| August Monthly Deposit | $145.00 |
| September Monthly Deposit | $128.00 |
| October Monthly Deposit | $197.00 |
| November Monthly Deposit | $73.00 |
| December Monthly Deposit | $145.00 |
| January Monthy Deposit | $153.00 |
| February Monthly Deposit | $220.00 |
| March Monthly Deposit | $95.00 |
| | **$1,969.00** |

| | |
|---|---:|
| Average Monthly Deposit | $ 140.64 |
| Required Percentage | $ 0.20 |
| Required Initial Partial Filing Fee for March 2023 for each case | $ 28.13 |

81746

*5/1/23
*4/29/23

I the plaintiff in pro per solemnly ~ sincerely and ~ truelly affirm that the foregoing as 'provided' by the B.C.J. Authorized Officer to me when 'requested' for a six month printout ® Average monthly deposit is a true and correct original.

Recieved on

By: Bey, J'Honali-EL ; Pro Per
V.C. J'Honali EL (Edward Watson) - Bey ex rel. 199240
Butler County Jail ~ Pro Se
705 Hanover Street
Hamilton, Ohio 45011-1865

25



J'Honah: One Eye El-Bey; 22020335
Butler County Jail ~ Pro Per
1705 Hanover Street
Hamilton, Ohio 45011-1865

LEGAL MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
100 EAST FIFTH STREET, ROOM 103
CINCINNATI, OHIO 45202