UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JTTONALI ONE EYE EL-BEY, | : | Case No. 1:23-cv-285 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Stephanie K. Bowman |
| BUTLER COUNTY JAIL, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee currently housed at the Butler County Jail (Jail), in Hamilton, Ohio, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, as well as various "attachments" to the complaint, which the Court understands to be motions to amend the complaint. (*See* Docs. 1, 3-1, 4-6). Plaintiff has also filed motions to add two new defendants to the action. (*See* Doc. 4, at PageID 78-79). By separate Order, the Court has granted plaintiff leave to proceed *in forma pauperis*. The Court has also granted plaintiff's motions to amend his complaint.

The Court considers Documents 1, 3-1, 4, 5, and 6 to constitute the operative First Amended Complaint in this matter. In its Order granting the motions to amend, the Court has directed the Clerk to file these documents together as a new document in the docket. In his First Amended Complaint, plaintiff brings claims against the Jail, Butler County Sheriff Richard K. Jones, Corrections Officer Robert Carpenter, Sgt. W. Tendam, Sgt. Thurkill, the United States Marshal Service, and the United States of America for alleged violation of his civil rights.

This matter is now before the Court for a *sua sponte* review of the First Amended Complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of First Amended Complaint

### A.     Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.     **Plaintiff's First Amended Complaint**

Liberally construing the First Amended Complaint, *see Erickson*, 551 U.S. at 94, the Court understands it to consist of three groups of claims. For the sake of clarity, the Court will refer to plaintiff's groups of claims as counts.

In Count One, plaintiff alleges that between February 17, 2022 and September 15, 2022, unspecified Jail staff failed to recognize plaintiff's Moorish Science name and, as a result, mail in six other cases that plaintiff has filed in this Court[1] was returned to the Court as undeliverable or indicating that plaintiff has been released. (Doc. 1, at PageID 2). Plaintiff claims that he consequently "missed objection deadlines[,] possibilities of amending complaints[,] protest the patent violation(s) of and to his substantive right[,]" and "believe[d] that former counsel of the criminal case for which plaintiff is being detained was not sending or corresponding with him[.]" (Doc. 1, at PageID 3-4). Plaintiff asserts that the returning of his mail to the Court in these cases was more than inadvertence because he did receive mail in certain other cases of his. (Doc. 1, at PageID 4).

In Count Two, plaintiff alleges that on April 24, 2023, defendant Carpenter violated prison policy, used derogatory language, and subjected plaintiff to excessive force in violation of the Fourteenth Amendment[2] when, frustrated with plaintiff's response to a question, Carpenter slapped bowls out of plaintiff's hand, causing the bowls and their contents to fall onto floor, over

---

[1]The Court notes that the instant case is one of several cases that plaintiff has filed in this Court. *See, e.g.*, *El-Bey v. Taylor, et al.*, No. 1:21-cv-389-ALM-KLL (S.D. Ohio); *El-Bey v. United States*, No. 1:21-cv-574-MRB-SKB (S.D. Ohio); *El-Bey v. United States Postal Service*, No. 1:21-cv-590-MRB-SKB (S.D. Ohio), *El-Bey v. Wisecup, et al.*, No. 1:21-cv-678-MRB-SKB (S.D. Ohio), *El-Bey v. Walker, et al.*, No. 1:21-cv-679-MRB-SKB (S.D. Ohio); *El-Bey v, Sylvester, et al.,* No. 1:21-cv-680-MRB-SKB (S.D. Ohio); and *El-Bey v. FMC Lexington, et al.*, No. 1:22-cv-136-MWM-EPD (S.D. Ohio), *transferred to E.D. Kentucky and opened as* Case No. 5:22-cv-67.

[2]"The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield v. Murray*, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021)).

a railing, and onto another inmate. (Doc. 1, at PageID 7). Plaintiff alleges that Carpenter proceeded to place handcuffs on him "in a twisted wrist type way and extremely tight." (*Id*., at PageID 7). Carpenter then allegedly told plaintiff to go downstairs in a threatening manner, where plaintiff was met "minutes later" by defendant Thurkill and another supervisory official, who is not named as a defendant. (*Id.,* at PageID 7-8).³ According to plaintiff, Thurkill and the other supervisor asked Carpenter what happened and Carpenter told them that "he snatched or smacked [plaintiff's] food from [his] hands." (*Id.*). Plaintiff alleges that, even though this is against prison policy, the supervisors "failed to supervise" and had plaintiff placed in a cell. (*Id*.). Plaintiff states that once in the cell, the escorting officers removed his handcuffs, "acknowledged" that the handcuffs were "a bit extreme," and "politely offered [plaintiff] a breakfast tray[.]" (*Id*., at PageID 8). Plaintiff alleges that he was eventually moved into isolation, where Carpenter improperly marked him as "refusing to sign" on his disciplinary ticket. (*Id.*, at PageID 8-9). Plaintiff asserts that he remained in isolation for two days, until a non-defendant disciplinary hearing officer recommended that two of the disciplinary charges Carpenter issued against plaintiff be dismissed and that plaintiff be sentenced on the remaining charges to time served. (*See* Doc. 1, at PageID 9, 15). Plaintiff claims that he does not feel secure around Carpenter. (*See* Doc. 1, at PageID 17).

In Count Three, plaintiff brings claims against defendant Tendam under the First, Fourth, Eighth, and Fourteenth Amendments for the alleged mistreatment of plaintiff's "legal mail," specifically mail received from opposing counsel in another civil case of his (Case No. 1:21-cv-

---

³Plaintiff includes various allegations in his First Amended Complaint against non-defendants. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal. *See Burfitt v. Lawless*, No. 1:19-CV-781, 2019 WL 7040341, at *2 (S.D. Ohio Dec. 2, 2019), *report and recommendation adopted*, No. 1:19CV781, 2019 WL 7020384 (S.D. Ohio Dec. 20, 2019).

680), a letter to "Disciplinary Counsel" that was returned to plaintiff, and unspecified discovery materials plaintiff received on a "zip file." (Doc. 4, at PageID 73-74; Doc. 5, at PageID 86; Doc. 6, at PageID 93). Plaintiff also brings claims against both defendants Tendam and Thurkill relating to their handling of plaintiff's grievances regarding his "legal mail." (Doc. 4, at PageID 74; Doc. 5, at PageID 86). Additionally, plaintiff asserts that Tendam "became loud [and] aggressive" when confronted by plaintiff about the treatment of his "legal mail." (Doc. 4, at PageID 74). Plaintiff then includes a listing of allegedly unconstitutional conditions-of-confinement at the Jail (Doc. 5, at PageID 89; *see also* Doc. 6, at PageID 94), states that he fears retaliation from filing this lawsuit (Doc. 4, at PageID 72), and alleges a conspiracy to violate his civil rights under § 1983 and 42 U.S.C. § 1985 (Doc. 5, at PageID 84; Doc. 6, at PageID 94).

For relief, plaintiff seeks injunctive and monetary relief. (Doc. 1, at PageID 10).

**C.     Analysis**

Plaintiff's First Amended Complaint involves claims that arise out of separate incidents and involve different defendants and issues. A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

"[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." *Cage v. Mich.*, No. 16cv11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018). *See also Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *7 (S.D. Ohio Aug. 3, 2022). Under Fed. R. Civ. P. 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp.2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corrections*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007)) (alteration in original).

At this stage of the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes, in an abundance of caution, that plaintiff may proceed for further development at this juncture with Count Three's "legal mail" claims against defendant Sgt. W. Tendam, in her individual and official capacities, under the First, Fourth, and Fourteenth Amendments.[4] The undersigned expresses no opinion on the merits of these claim at this time.[5]

However, for the reasons below, the remainder of the claims in the First Amended Complaint should be dismissed. The claims in Count One, although arguably related to Count Three's "legal mail" claims, are subject to dismissal for failure to state a claim upon which relief can be granted. The claims in Count Two and the conditions-of-confinement claims in Count

---

[4]Plaintiff asserts that he is suing defendant Tendam in her individual and official capacities. (Doc. 4, at PageID 78). "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Applied here, plaintiff's official-capacity claims against defendant Tendam are advanced against Butler County.

[5]Although, in an abundance of caution, the Court has allowed Count Three's "legal mail" claims to proceed at this juncture for further development, as indicated above, the Court offers no opinion as to the merits of these claims at this time. Further, as noted in the Court's Order entered this date in Case No. 1:21-cv-680, no court has held that defense counsel in a case initiated by a prisoner-plaintiff has any independent duty to obtain a "control number" prior to serving copies of documents filed of record on behalf of the defendants they represent.

7

Three are improperly joined in this action and should be dismissed without prejudice to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21. Finally, the remaining claims in Count Three, like the claims in Count One, are subject to dismissal for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

As an initial matter, the United States of America and the United States Marshal Service are not subject to suit in this action. Plaintiff's claims against the United States of America and the United States Marshal Service are subject to dismissal for lack of subject matter jurisdiction. "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity[.]" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). The United States Marshal Service, "as an agency of the United States, is [also] 'shielded from private actions unless sovereign immunity has been waived.'" *Gary v. Gardner*, 445 F. App'x 465, 466–67 (3d Cir. 2011) (quoting *Beneficial Consumer Discount Co. v. Poltonowicz,* 47 F.3d 91, 94 (3d Cir.1995)). The allegations in the First Amended Complaint are not directly tied to these defendants and do not provide any factual content or context from which the Court may reasonably infer that these defendants waived their sovereign immunity with respect to the matters at issue in this case. Accordingly, plaintiff has not carried his burden to identify a waiver of sovereign immunity and the claims against the United States defendants should be dismissed.

Similarly, the Butler County Jail is not a "person" subject to suit under § 1983. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. A

8

county jail is not a "person" within the meaning of § 1983. *See, e.g., Marbry v. Corr. Med. Services,* No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov.6, 2000); *Aladimi v. Hamilton Cty. Justice Ctr.,* No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb.1, 2012) (Bowman, M.J.) (Report & Recommendation), *adopted,* 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cty. Jail,* No. 1:11cv1201, 2011 WL 4529331, at *2 (N.D. Ohio Sept. 28, 2011). *Cf. Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir.1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983).

Further, the Court should dismiss the First Amended Complaint as against defendant Sheriff Jones. Plaintiff does not include any factual allegations against Sheriff Jones and apparently seeks to hold him liable upon a theory of *respondeat superior.* However, the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). *See also Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 494 (6th Cir. 2020) ("In this § 1983 setting, as we have already explained, the Supreme Court has rejected *respondeat superior* theories that subject employers like the Hamilton County Sheriff's Office to liability for their employees' actions."). To state a claim against a supervisor, the plaintiff must allege that the supervisor was "somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff has made no such allegations against Sheriff Jones and as such he should be dismissed from this action.

Next, Count One should be dismissed for failure to state a claim upon which relief can be granted. The Court understands Claim One to alleges claims of denial of access to the courts in

violation of the First Amendment and claims of interference with the right to counsel in violation of the Sixth Amendment.

In order to state a First Amendment claim for a denial of access to the courts, plaintiff must allege facts indicating he was actually impeded in an existing or contemplated non-frivolous legal proceeding. *Lewis v. Casey,* 518 U.S. 343, 351–53 (1996); *Hadix v. Johnson,* 182 F.3d 400, 406 (6th Cir.1999). To have standing to pursue an access-to-the-courts claim, plaintiff must "show actual prejudice to non-frivolous claims." *Hadix,* 182 F.3d at 406. "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury,* 536 U.S. 403, 415 (2002). In addition, "the predicate claim (must) be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* In other words, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix*, 182 F.3d at 405–406 (citing *Lewis,* 518 U.S. at 353 & n. 3). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Here, plaintiff alleges that he missed deadlines for submission of objections and opportunities to amend his complaint. (Doc. 1, at PageID 3). Plaintiff, however, does not identify the arguments or amendments to his pleadings that he would have sought to make or, other than by general reference, identify the affected cases. Under these circumstances, plaintiff has failed to show any injury or prejudice. *See, e.g., Anthony v. Walker,* No. 07-10351, 2008 WL 2447298, at *5–6 (E.D. Mich. June 18, 2008) ("Plaintiff has not alleged that his objections

presented any fundamentally new arguments that would have potentially altered the District Judge's analysis.") (citing cases).

Nor does Count One contain a plausible claim for violation of the Sixth Amendment right to counsel. The Court cannot infer from plaintiff's conclusory allegations that he was prevented from communicating with his criminal-defense counsel during the seven-month period at issue. *See, e.g., White v. Blue*, No. 4:15-CV-P100, 2015 WL 9244491, at *2 (W.D. Ky. Dec. 17, 2015) ("Plaintiff does not allege that he [did] not have other means of communicating with his attorney. The Court finds that Plaintiff has not alleged any constitutional violation with regard to access to . . . his attorney."). Furthermore, the Court notes that plaintiff's criminal matter is on-going and that he is currently represented by new counsel. *See, e.g., United States v. Watson, agent of Jttonali One Eye El-Bey*, No. 1:21-cr-110 (S.D. OH). Until that matter is concluded, plaintiff may not raise civil claims concerning that matter in this Court. *See, generally, Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

Count Two of the First Amended Complaint should be dismissed without prejudice because it is improperly joined in this action. To the extent the claims asserted in Count Two share a common defendant with the claims in Count Three, they are improperly joined in this action because they are factually distinct and do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). *See, e.g.*, *Atkins v. Dawdy*, No. 2:22-cv-150, 2022 WL 4233274, at *5 (W.D. Mich. Sept. 14, 2022) (finding claims misjoined where, "though they may [have] involve[d] some common legal questions," the claims were "factually distinct and . . . certainly [did] not rise out of the same transactions or occurrences" as the plaintiff's other claims); *Versatile v. Kelly*, 3:11CV308, 2012 WL 1267896, at *4 (E.D. Va. Apr. 13, 2012) ("[T]he fact that Claim A shares two out of twenty defendants in

11

common with unrelated Claim B and its ten defendants, does not mean that Claim A and Claim B are appropriately united in a single action" (quoting *Ghashiyah v. Frank*, No. 05–C–0766, 2008 WL 680203, at * 2 (E.D. Wis. Mar. 10, 2008))).

Additionally, while the Court has allowed Count Three's "legal mail" claims to proceed at this juncture against defendant Tendam for further development under the First, Fourth, and Fourteenth Amendments, plaintiff also appears to be bringing these claims under the Eighth Amendment. Under the Eighth Amendment, prison officials have an obligation "to take reasonable measures to guarantee the safety of the inmates" in their custody. U.S. CONST. amend. VIII; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also protects prisoners from the use of excessive force and unwarranted physical assaults by prison staff. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). It "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). It further protects prisoners from conditions of confinement causing "extreme deprivations" that deny "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). As set forth above in footnote two, "[t]he Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield,* 2022 WL 508902, at *2. Furthermore, none of plaintiff's allegations in Count Three suggest these types of issues in regard to plaintiff's "legal mail" claims. Accordingly, any Eighth Amendment claim plaintiff may have sought to raise pertaining to his "legal mail" should be dismissed.

Likewise, the challenged conditions of confinement listed in Count Three are insufficiently related to the "legal mail" claims that the Court is permitting to proceed at this juncture. The complained of conditions include the alleged failure to make copies for legal proceedings, to respect religious diets, to respect the "chain of command," to provide meals with daily recommended amounts of fruits and vegetables, to provide proper dental care, as well as challenges to other, unspecified conditions. (*See* Doc. 5, at PageID 89). Because these claims are "factually distinct and . . . certainly do not rise out of the same transactions or occurrences" as plaintiff's "legal mail" claims, *Atkins*, 2022 WL 4233274, at *5, they should be dismissed without prejudice to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.[6]

Plaintiff also appears to allege in Count Three that defendants Tendam and Thurkill prevented him from grieving his "legal mail" claims. "[T]here is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Moreover, to the extent that plaintiff is asserting that, because of his alleged inability to exhaust Count Three's "legal mail" claims, he is unable to exhaust his administrative remedies and thus is unable to file a claim in federal court, the claim is also without merit. When a plaintiff has no other remedies available to him to exhaust his grievance, a district court would then be able to hear a related federal claim, since all possible administrative remedies would have been attempted. *See, e.g., Hartsfield v. Mayer,* No. 95–1411, 1996 WL 43541, at *3 (6th Cir. Feb.1, 1996) (holding that the MDOC's modified grievance status does not in any way impinge upon a plaintiff's First Amendment right to access to courts); *see also,* 42 U.S.C. §

---

[6]Plaintiff also fails to connect any of the defendants to these largely conclusory allegations.

1997e(a) (requiring only exhaustion of available administrative remedies). A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal. Count Three's claim against Tendam and Thurkill based solely on the alleged interference with the grievance procedure should therefore be dismissed.

Nor can plaintiff state a claim for relief to the extent that he alleges in Count Three that defendant Tendam became loud and aggressive when plaintiff inquired about the handling of his "legal mail." It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)).

Count Three's conspiracy claims are likewise too conclusory to state a claim upon which relief can be granted under 42 U.S.C. §§ 1983 and/or 1985. *See Dean v. Brandon*, 162 F.3d 1161 (6th Cir. 1998) (citing *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987) and noting that "conspiracy claims must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim[.]").

Finally, to the extent that plaintiff alleges in Count Three that he fears he will face retaliation for filing this lawsuit, such a claim is likewise subject to dismissal. A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected

14

speech and conduct. *Id*. at 394-99. The First Amended Complaint does not state a colorable retaliation claim under § 1983. The Complaint alleges only that plaintiff fears he will be subject to retaliation. Because it does not allege that any defendant took an adverse action against plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct, this claim should be dismissed.

Accordingly, in sum, plaintiff may proceed for further development at this juncture with Count Three's "legal mail" claims against defendant Sgt. W. Tendam, in her individual and official capacities, under the First, Fourth, and Fourteenth Amendments. However, for the reasons asserted above, the claims in Count One, although arguably related to Count Three's "legal mail" claims, should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. The claims in Count Two and the conditions-of-confinement claims in Count Three are improperly joined in this action and should be **DISMISSED without prejudice** to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21. Finally, the remaining claims in Count Three should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

However, plaintiff has failed to provide a completed Summons and U.S. Marshal form for service of process on defendant Sgt. W. Tendam. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order and Report and Recommendation, submit to the Court a completed Summons and U.S. Marshal form for defendant Sgt. W. Tendam. The **Clerk of Court** is **DIRECTED** to send plaintiff a Summons and U.S. Marshall form for this purpose. **Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. The claims in Count One of the First Amendment Complaint be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The claims in Count Two and the conditions-of-confinement claims in Count Three be found to be improperly joined and **DISMISSED without prejudice** to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21. *See also Harris*, 2022 WL 3053496, at *7.

3. Count Three's "legal mail" claims against defendant Sgt. W. Tendam, in her individual and official capacities, under the First, Fourth, and Fourteenth Amendments, be permitted to **proceed** at this juncture for further development.

4. The remaining claims in Count Three, with the exception of plaintiff's legal mail claims as referenced above, be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

5. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Within **thirty (30) days** of receipt of this Order, Plaintiff **SHALL** submit to the Court a completed Summons and U.S. Marshal form for defendant Sgt. W. Tendam. The **Clerk of Court** is **DIRECTED** to send a Summons and U.S. Marshall form to Plaintiff for this purpose. Upon receipt of the completed Summons and U.S. Marshal form, the Court **ORDERS** service of process by the United States Marshal in this case as directed by plaintiff.

2. Plaintiff shall serve upon defendant or, if an appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).


December 6, 2023                                             *s/Stephanie K. Bowman*
                                                             STEPHANIE K. BOWMAN
                                                             United States Magistrate Judge